UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL QUINN and EDWIN QUINN )<br>)<br>Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>)<br>FELIX QUINN and CREDIT BUREAU )<br>ASSOCIATES NORTHEAST, INC. )<br>)<br>Defendants ) | DOCKET NO. 05CV10588 WGY |

**DEFENDANT FELIX QUINN'S AMENDED ANSWER AND COUNTERCLAIM**

NOW comes the Defendant, Felix Quinn, and submits both his Answer and Counterclaim as a result of certain information obtained through the deposition of the Defendant Credit Bureau Associates Northeast, Inc. by its representative Stephen J. Yang-Sammataro. The deposition of Mr. Yang-Sammataro provided Defendant Felix Quinn with information that had been known only to the Plaintiffs, and this new information as hereinafter recited is the basis for this amended Answer and Counterclaim.

**FACTS**

1. The Plaintiffs allege that the Defendant Felix Quinn procured the Plaintiff's credit reports without their permission and knowledge in violation of the Fair Credit Reporting Act. The Defendant answered generally that said credit reports were procured only with the permission of the Plaintiffs, and more specifically no credit report was received for Edwin Quinn. Now based on information elicited from the above

described deposition, it has now been determined that a) no credit report was ever requested for Edwin Quinn by the Defendant Felix Quinn and b) there was no credible basis for Edwin Quinn to make such an allegation that such credit report had ever been requested by Felix Quinn.

2. Prior to the initiation of the subject litigation, Felix Quinn filed suit against Edwin Quinn in Massachusetts Superior Court CIVIL ACTIONS NOS. 2001-1966, 2004-00836. This suit involves the relative ownership interests of certain property in Peabody, Massachusetts and involves allegations, inter alia, of fraud, breach of contract and the alteration of several documents by the Defendant Edwin Quinn. Said Defendant Edwin Quinn has in fact related to mutual family members that "he would put Phil (Felix Quinn) in jail, unless he withdrew the Essex Superior Court lawsuit involving the shopping center."

3. The following is the extract of the deposition of Steven Yang-Sammataro held at the offices of Duane Morris, 470 Atlantic Avenue, Boston, MA, on June 29, 2005. Pages 40-42, Examination by Bronwyn Roberts Esq. attorney for the Plaintiffs.

Q. Mr. Sammataro, I'm placing before you what has been marked as Exhibit 5 to your deposition, and I'm going to represent to you that this is an excerpt of one page from Edwin Quinn's credit report.

A. Okay.

Q. If you could just accept that.

A. I do.

Q. Looking at the bottom of the page under "Inquiry Information," it reads: "CBA creditor," under "Creditor Name," "Date of Inquiry: November 12, 2004" and "Credit Bureau: Equifax"?

A. Right.

Q. Did Credit Bureau Associates Northeast run a credit check of Edwin Quinn in November of 2004?

A. No.

Q. Do you know what "CBA" relates to?

A. We did some research and we think we might but only – we feel only Edwin Quinn can validate that inquiry.

Q. And what did your research reveal?

A. We believe it's a firm in New Jersey.

Q. What's the name of the firm?

A. I'd have to look it up.

Q. You don't know what it stands for?

A. Well, you have to realize the CB, credit bureau, is used in hundreds of names. There are thousands of these. It's probably Credit Bureau Associates, I believe is what it is in Cherry Hill, New Jersey.
(Pause)
That's what it is, CB, Credit Bureau Associates in Cherry Hill, New Jersey and we believe that they have been acquired by Equifax.

Q. Does Credit Bureau Associates Northeast have any relationship to Credit Bureau Associates in Cherry Hill, New Jersey?

A. No.

Q. Any relationship to Equifax?

A. No, we just – we just access credit reports through them but we have no – we have just a business relationship.

    4. Mr. Yang-Sammataro's deposition explicitly confirms that Edwin Quinn's credit report was not accessed by Credit Bureau Associates Northeast, Inc. at the request of Defendant Felix Quinn, moreover, the reference in the Credit Report of Edwin Quinn

to CBA was in fact not a reference to Credit Bureau Associates Northeast, Inc. but rather to some unaffiliated credit bureau reporting agency in New Jersey.

5. Based on this one reference to "CBA" and with no further due diligence of any form, Edwin Quinn through counsel, proceeded to file the initial Complaint against the defendant Felix Quinn.

6. As a result of the filing of the Complaint, the Defendant Felix Quinn's access to the credit reporting services of Credit Bureau Associates Northeast, Inc. have now been terminated.

## AMENDED ANSWER

7. The Defendant Felix Quinn hereby amends his answer to state that no credit report for Plaintiff Edwin Quinn was ever ordered by Defendant Felix Quinn. Any allegation that Edwin Quinn assented to the requested credit report is now corrected to state that as no credit report was either requested or ordered, no permission was granted.

## COUNTERCLAIM

### COUNT 1
### ABUSE OF PROCESS

8. The Defendant incorporates by reference the allegations contained in Paragraphs 1 through 7.

9. The Plaintiff Edwin Quinn by the submission to the Federal District Court of a purposely false and misleading Complaint with the accompanying threatening correspondence from Plaintiff's Attorney (See Exhibit A) was attempting to threaten and intimidate and otherwise impermissibly utilize the process of the U.S. District Court to obtain unlawful advantage or leverage against the Defendant relative to the pendant

Massachusetts Superior Court action. As Felix Quinn is a vendor dealing with the management of federal housing, clearly the Plaintiff's unfounded claims and intimation of criminal sanctions, (See Exhibit A), was filed for the sole purpose of coercing the Defendant Felix Quinn from withdrawing the Massachusetts litigation. As the Plaintiff Edwin Quinn was aware, any possible criminal sanction would have had the potential to completely terminate the Defendant Felix Quinn's relationship with the federal government.

## COUNT 2

### TORTIOUS INTERFERENCE IN BUSINESS RELATIONSHIP

9.      The Defendant incorporates by reference the allegations contained in Paragraphs 1 through 8.

10.     By the Plaintiff's filing of the false and misleading complaint, the Defendant Felix Quinn has had all of his credit reporting privileges terminated by Credit Bureau Associates Northeast, Inc., Pages 54-55 of the deposition of Stephen Yang-Sammataro, supra.

## COUNT 3

### INTENTIONAL INFLICTION OF EMOTIONAL AND PHYSICAL DISTRESS

11.     The Defendant incorporates by reference the allegations contained in Paragraphs 1 through 10.

12.     By the Plaintiff's filing of the false and misleading Complaint, the Defendant Felix Quinn has suffered severe emotional and physical injury directly related to the Plaintiff's conduct of filing a complaint that was known or should have been known to be false and misleading.

WHEREFORE the Defendant Felix Quinn respectfully requests that this Honorable Court:

A) Find for the Defendant on Counts 1 through 3, and award such damages as will be promulgated through the ensuing litigation,

B) Provide such other relief as this Court deems just and equitable.

                    Respectfully submitted

                    Defendant Felix Quinn

                    By his Attorney,

                    / S /
                    _____
                    Alan L. Grenier
                    BBO #211040

                    Grenier & Associates
                    435 Newbury Street
                    Danvers, MA 01923

Dated: July 21, 2005          978-777-7000

QUINN F.P.

# DuaneMorris

FRANKLIN H. LEVY
DIRECT DIAL: 617.289.9277
E-MAIL: *fhlevy@duanemorris.com*

www.*duanemorris.com*

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
DETROIT
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
CHERRY HILL
HARRISBURG
BANGOR
PRINCETON
PALM BEACH
WESTCHESTER

April 28, 2005

**FACSIMILE AND FIRST CLASS MAIL**

Alan L. Grenier, Esq.
Grenier & Associates
435 Newbury Street
Danvers, MA 01923

Re: Paul Quinn and Edwin v. Felix Quinn and Credit Bureau Associates Northeast, Inc.; Case No. 05CV10588WGY

Dear Alan:

Pursuant to Judge Young's Order, this letter constitutes plaintiffs' settlement proposal.

I believe that there can be no legitimate dispute concerning your client's liability for violating the Fair Credit Reporting Act. Included with this letter are copies of the relevant pages (redacted) of Paul Quinn's and Ed Quinn's credit reports.

As you can see, on August 16, 2004 Felix, using the Sterling Management account, caused a check to be performed on Paul for the "permissible purpose" of "Tenant Screening". That was a direct violation of law.

Ed's report, although not as complete as Paul's, shows that on November 12, 2004 "CBA" made a request for a credit report. CBA is Credit Bureau Associates and the request was made by Felix.

The answer to the complaint in which permission was alleged as a defense cannot possibly be advanced in good faith. On August 16, 2004, Paul had not subjected himself to "tenant screening". On November 12, 2004 Ed was engaged in litigation with Felix and certainly gave no permission to Felix to obtain a credit report.

The statute your client violated carries both criminal and civil penalties. For intentional violations such as these, the plaintiffs are entitled to damages which include attorneys' fees and punitive damages. Because of other litigation between the parties, Felix's actions are particularly reprehensible. As a result, Paul and Ed demand settlement of $35,000 each – a total settlement of $70,000.

DUANE MORRIS LLP

470 ATLANTIC AVENUE, SUITE 500   BOSTON, MA 02210           PHONE: 617.289.9200  FAX: 617.289.9201

Alan L. Grenier, Esq.
April 28, 2005
Page 2

I look forward to your response.

Very truly yours,

Franklin H. Levy

FHL/mmm
Enclosures

Cc: CBA, N.E.

EDWIN

## Inquiry Information

The Inquiry Information section provides a list of companies that have requested your credit report, and when the inquiry was made.

| Creditor Name | Date of Inquiry | Credit Bureau |
|---|---|---|
| EXPERIAN | 11/12/2004 | Experian |
| CBA | 11/12/2004 | Equifax |

https://www.truecredit.com/products/merge/viewPrintableReport.jsp?cb=DRTV1                2/18/2005

PAUL

STERLING MANAGEMENT VIA CR BUR ASSOCIATES-NE INC
30 MASSACHUSETTS A
NORTH ANDOVER, MA 01845
(978) 682-2199
Requested On: 08/16/2004   Inquiry Type: INDIVIDUAL
Permissible Purpose: TENANT SCREENING