UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL QUINN and EDWIN QUINN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FELIX QUINN and CREDIT BUREAU ) <br> ASSOCIATES NORTHEAST, INC., ) <br> ) <br> Defendants. ) | DOCKET NO. 05-CV-10588 WGY |

**PLAINTIFFS' (i) OPPOSITION TO DEFENDANT FELIX QUINN'S
MOTION TO FILE AMENDED ANSWER AND COUNTERCLAIM, AND
(ii) PLAINTIFFS' CROSS-MOTION TO STRIKE EXHIBIT A TO DEFENDANT
FELIX QUINN'S MOTION TO FILE AMENDED ANSWER AND COUNTERCLAIM**

Five months after this action was commenced by Plaintiffs, after the deadline for discovery, and just one week before the deadline for motions for summary judgment, Defendant Felix Quinn ("Felix") seeks to file an amended answer and counterclaim. He seeks to add factual allegations and three (3) new counts: abuse of process, tortious interference in a business relationship, intentional infliction of emotional distress. Felix's motion should be denied because (i) Felix provides the Court with no reason for his failure to assert his counterclaims as part of his original answer; (ii) it would be futile to amend the answer to include the proposed three (3) counterclaims; and (iii) the proposed amendment would prejudice Plaintiffs where they have completed discovery and the period for taking discovery has expired. Further, in support of his motion to amend, Felix improperly attaches a written settlement proposal dated April 28, 2005, signed by counsel for Plaintiffs, which must be stricken on the record.

**STATEMENT OF FACTS**

This case was filed by Plaintiffs in March of 2005. In the Complaint, Plaintiffs brought claims against each Defendant alleging violation of the Fair Credit Reporting Act. Since the date of filing, Plaintiffs have taken the depositions of both Defendants Felix and Credit Bureau Associates Northeast, Inc.[1] Similarly, Defendants have taken the deposition of both Plaintiffs Edwin and Paul Quinn. The time for taking discovery in this case concluded on June 30, 2005. On July 21, 2005, after the conclusion of discovery, Felix moved to amend his answer to add new factual allegations and three (3) new counts: abuse of process, tortious interference in a business relationship, intentional infliction of emotional distress.

**ARGUMENT**

Once a responsive pleading has been filed, "a party may amend . . . only by leave of court . . . [which] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Despite this rather forgiving standard, "in considering a motion for leave to amend [] the trial court must first consider whether the proposed new claims are futile, that is, whether they would be subject to dismissal for failure to state a claim." MacNeill Eng'g Co. v. Trisport, Ltd., 59 F. Supp. 2d 199, 200-201 (D. Mass., 1999) (citing Smith v. Mitre Corp., 949 F. Supp. 943, 945 (D. Mass. 1997)). The Court must also consider whether there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, prejudice in seeking the amendment). Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996).

---

[1] On July 13, 2005, after certain facts were revealed in discovery, Plaintiff Edwin Quinn moved to voluntarily dismiss his claim.

BOS\135246.1

**I.  Felix Provides The Court With No Reason For His Failure To Assert His Counterclaim As Part Of His Original Answer, And His Proposed Counterclaims Would Prejudice All Parties As Discovery Has Concluded**

In the present case, Felix offers the Court no reason for his failure to assert his proposed counterclaims in his original Answer.  Where a considerable period of time passes between the filing of the complaint and a motion to amend, courts place the burden on the movant to show some valid reason for his neglect and delay.  Vargas v. McNamara, 608 F. 2d 15, 19 (1st Cir. 1979) (citing Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 20 (1st Cir. 1979)); see also Carter v. Supermarkets General Corporation, 684 F.2d 187 192 (1st Cir. 1982) (motion to amend complaint to add two new counts denied where delay in moving to amend was blamed on inadvertence and clerical error).  Felix's failure to provide the Court with some reason for delay should alone be grounds to deny Felix's motion to amend.  Moreover, because the discovery deadline has expired and the parties have completed depositions, Felix's proposed Amended Answer And Counterclaim would prejudice all parties by requiring them to re-open discovery to discover facts related to Felix's new claims for damages, resulting in delays and additional fees and expenses to all parties.

**II.  Felix's Proposed Amended Answer And Counterclaim Is Futile Because The Counterclaims Are Subject To Dismissal For Failure To State A Claim**

A motion to amend a pleading is considered "futile" if the amended complaint would be the subject of a successful motion under Fed..R.Civ.P. 12(b)(6).  MacNeill Eng'g Co. v. Trisport, Ltd., 59 F. Supp. 2d 199, 201 (D. Mass. 1999).  This motion is just that.  As discussed below, the three (3) new proposed counts for abuse of process (Count 1), tortious interference in a business relationship (Count 2), and intentional infliction of emotional distress (Count 3) each fail to state a claim upon which relief can be granted.

### A. Felix's Proposed Claim For Abuse of Process Is Futile

Felix's proposed counterclaim against Edwin for abuse of process is futile because Edwin has moved to withdraw his claim against Felix, has not sought to leverage the Federal Court case against Felix, and Felix has suffered no damages by reason of the claim against him. The "essential elements" of the tort of abuse of process are that: (1) process was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage. <u>Beecy v. Pucciarelli</u>, 387 Mass. 589, 595-96 (1982). The Supreme Judicial Court has also stated that an abuse of process claim fails when plaintiff does not demonstrate an "ulterior purpose." <u>Beecy</u>, 387 Mass. at 589 (defendant's erroneous commencement of a collection action against plaintiff, that was dismissed by voluntarily by defendant, was insufficient to show the requisite ulterior purpose for a claim of abuse of process). Felix alleges that Edwin's complaint was an attempt to:

- threaten and intimidate and otherwise impermissibly utilize the process of the U.S. District Court to obtain an unlawful advantage or leverage against the Defendant relative to the pendant Massachusetts Superior Court action;
- Coerce Felix to withdraw that Massachusetts litigation; and
- Obtain a criminal sanction that would "have the potential to completely terminate [Felix's] relationship with the federal government."[2]

Felix does not allege, however, that Edwin's filing of this action did, in fact, result in any of the "potential" damages he cites.[3] Specifically, Felix does not allege that Edwin gained an unlawful advantage in the Superior Court action, he does not allege that Edwin's conduct in filing this action resulted in Felix withdrawing the Massachusetts action, nor does he allege that Edwin's conduct has damaged his relationship with the Federal government. Accordingly,

---

[2] In his proposed Amended Answer, Felix falsely alleges that the letter attached as Exhibit A to the Amended Answer was a "threatening correspondence" that accompanied the filing of the Complaint with the Federal District Court. It is plain from the face of Exhibit A, that it was sent on April 28, 2005 pursuant to an Order of this Court after the March filing of this action and could not, therefore, accompany the Complaint. Further, it is clear from the face of Exhibit A that it was not threatening and was discussing the civil remedies available to Plaintiffs.

[3] Felix ignores the fact that he is defending an identical claim for violation of the Fair Credit Reporting Act brought by Plaintiff Paul Quinn.

because Felix has failed to allege that he suffered damages as a result of Edwin's conduct in filing this action, his proposed counterclaim for abuse of process fails to state a claim upon which relief can be granted and is futile.

**B.    Felix's Proposed Claim For Tortious Interference In A Business Relationship Is Futile**

In order to state a claim for tortious interference with advantageous business relations, Felix must allege four elements: (1) that he had a contract with a third party; (2) that the Edwin knowingly induced the third party to break the contract; (3) that Edwin's interference was improper in motive or means; and (4) that the Felix was harmed by the defendants' actions. Draghetti v. Chmielewski, 416 Mass. 808, 816 (1994). Felix's proposed claim for tortious interference fails because he fails to allege that Edwin knowingly induced Credit Bureau Associates Northeast, Inc. to take any action with respect to its relationship with Felix. Indeed, Felix does not allege any communications or conduct between Edwin and Credit Bureau Associates Northeast, Inc. regarding Felix. As a result, Felix's proposed counterclaim for tortious interference is subject to a motion to dismiss for failure to state a claim, and is futile.

**C.    Felix's Proposed Claim For Intentional Infliction Of Emotional and Physical Distress Is Futile**

In order to sustain a claim for intentional infliction of emotional distress, Felix must show that Edwin intended to inflict emotional distress or knew or should have known that such distress was the likely result of his conduct, that Edwin's conduct was extreme and outrageous, beyond all bounds of decency and utterly intolerable in a civilized community, that the actions of Edwin caused Felix's distress, and that the emotional distress suffered by Felix was severe and of such a nature that no reasonable person could be expected to endure it. Payton v. Abbott Labs, 386 Mass. 540, 555 (1982) (citing Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976)).

5

Liability cannot be predicated on "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities" nor even is it enough "that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Quinn v. Walsh, 49 Mass. App. Ct. 696 (2000) (citing Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997)); see Agis v. Howard Johnson Inc., 371 Mass. at 144-45. It is well settled that naming someone as a defendant in a lawsuit is not "extreme and outrageous" conduct. Beecy, 387 Mass. at 596 (claim for intentional infliction of emotional distress failed where creditor's attorney filed a collection suit against debtors on behalf of creditor and thereafter dismissed the suit after discovering that the debtor's account with the creditor was not delinquent). Accordingly, because Edwin's conduct in naming Felix as a defendant in this action, cannot be the basis for a claim for intentional infliction of emotional and physical distress, an amendment adding that counterclaim to Felix's answer would be futile.

### III.    The Court Should Strike Exhibit A To Felix's Proposed Amended Answer And Counterclaim

In his proposed counterclaim for abuse of process, Felix references a written settlement proposal made, pursuant to an Order of this Court, by counsel for Plaintiffs to counsel for Felix. See Exhibit A to Felix's Proposed Amended Answer And Counterclaim. Plaintiffs' settlement proposal is inadmissible and must be stricken. It is well-settled that the acceptance of a settlement offer and the offer itself are inadmissible to prove or disprove a defendant's liability. Morea v. Cosco, Inc., 422 Mass. 601, 603-604 (1996). This evidentiary rule is designed to encourage settlements by limiting the collateral consequences of a decision to compromise. See

6

Id. at 604.  Accordingly, Plaintiffs respectfully move this Court to strike Exhibit A to Felix's Proposed Amended Answer And Counterclaim.

## CONCLUSION

In light of the foregoing, Plaintiffs' respectfully requests that this Court deny Felix Quinn's Motion To File Amended Answer And Counterclaim.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1 Plaintiffs respectfully requests a hearing on Defendant Felix Quinn's Motion To File Amended Answer And Counterclaim and Plaintiffs' opposition thereto.

>  Respectfully submitted,
>  PLAINTIFFS,
>  PAUL QUINN AND EDWIN QUINN,
>  By their attorneys,
>
>  /s/ Franklin H. Levy
>  Franklin H. Levy (BBO# 297720)
>  Bronwyn L. Roberts (BBO # 638079)
>  DUANE MORRIS LLP
>  470 Atlantic Avenue, Suite 500
>  Boston, MA  02210
>  617.289.9200

## **CERTIFICATE OF SERVICE**

      I hereby certify that I served a copy of the foregoing document on all counsel of record listed below by first class mail postage pre-paid this 4th day of August 2005.

                                  /s/ Bronwyn L. Roberts
                                  Bronwyn L. Roberts

Alan L. Grenier, Esq.
Grenier & Associates
435 Newbury Street
Danvers, MA  01923

Paul A. Ladas, Esq.
Long & Houlden
100 Summer Street
Boston, MA  02110