UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL QUINN and EDWIN QUINN,<br><br>    Plaintiffs,<br><br>v.<br><br>FELIX QUINN and CREDIT BUREAU ASSOCIATES NORTHEAST, INC.,<br><br>    Defendants. | DOCKET NO. 05-CV-10588 WGY |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO DISMISS DEFENDANT FELIX QUINN'S COUNTERCLAIMS**

Plaintiffs Edwin Quinn and Paul Quinn by and through their undersigned attorneys hereby submit the following memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count I (Abuse of Process), Count II (Tortious Interference In A Business Relationship), and Count III (Intentional Infliction Of Emotional And Physical Distress) of Defendant Felix Quinn's Counterclaim. As set forth more fully herein, the Counts I through III of the Counterclaim of Felix Quinn ("Felix") fail to state a claim upon which relief can be granted.

**ARGUMENT**

The Court may grant a motion to dismiss if the facts alleged fail to state a claim, or demonstrate that the party asserting the claim is barred from recovering under the claims alleged. See Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001). In making this determination, a court should accept the well-pleaded complaint as true and indulge every

reasonable inference in favor of the plaintiff or plaintiff-in-counterclaim.  See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).  This standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized."  U.S. v. Avx Corp., 962 F.2d 108, 115 (1st Cir. 1992).  "[A] reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions.  Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference."  Id. (citations and internal quotations omitted).

## ARGUMENT

### I.     Felix's Counterclaim Fails To State A Claim For Abuse of Process

Felix's counterclaim against Edwin Quinn ("Edwin") for abuse of process fails to state a claim because Felix has does not allege that he suffered any damages by reason of the claim against him.  The "essential elements" of the tort of abuse of process are that: (1) process was used;[1] (2) for an ulterior or illegitimate purpose;[2] (3) resulting in damage.  Beecy v. Pucciarelli, 387 Mass. 589, 595-96 (1982).   Felix alleges that Edwin's complaint was an attempt to:

- Threaten and intimidate and otherwise impermissibly utilize the process of the U.S. District Court to obtain an unlawful advantage or leverage against the Defendant relative to the "pendant" Massachusetts Superior Court action (Counterclaim ¶ 9);
- Coerce Felix to withdraw that Massachusetts litigation (Counterclaim ¶ 9); and

---

[1] It is noteworthy that prior to the filing of Felix's counterclaim for abuse of process, Edwin moved this Court to dismiss all of his claims in this action.

[2] The Supreme Judicial Court has stated that an abuse of process claim fails when plaintiff does not demonstrate an "ulterior purpose." Beecy v. Pucciarelli, 387 Mass. 589 (1982)(defendant's erroneous commencement of a collection action against plaintiff, that was dismissed by voluntarily by defendant, was insufficient to show the requisite ulterior purpose for a claim of abuse of process).

2

- Obtain a criminal sanction that would "have the potential to completely terminate [Felix's] relationship with the federal government." (Counterclaim ¶ 9)[3]

Felix does not allege, however, that Edwin's filing of this action did, in fact, result in any of the "potential" damages he cites.[4] Specifically, Felix does not allege that Edwin gained an unlawful advantage in the Superior Court action, he does not allege that Edwin's conduct in filing this action resulted in Felix withdrawing the Massachusetts action, nor does he allege that Edwin's conduct has damaged his relationship with the Federal government. Accordingly, because Felix has failed to allege that he suffered damages as a result of Edwin's conduct in filing this action, his counterclaim for abuse of process fails to state a claim upon which relief can be granted.

## II. Felix's Counterclaim Fails To State A Claim For Tortious Interference

In order to state a claim for tortious interference with advantageous business relations, Felix must allege four elements: (1) that he had a contract with a third party; (2) that the Edwin knowingly induced the third party to break the contract; (3) that Edwin's interference was improper in motive or means; and (4) that the Felix was harmed by the defendants' actions. Draghetti v. Chmielewski, 416 Mass. 808, 816 (1994). Felix's counterclaim for tortious interference fails because he fails to allege that Edwin knowingly induced Credit Bureau Associates Northeast, Inc. to take any action with respect to its relationship with Felix. Indeed, Felix does not allege any communications or conduct between Edwin and Credit Bureau

---

[3] In his proposed Amended Answer, Felix alleges that the letter attached as Exhibit A to the Amended Answer was a "threatening correspondence" that accompanied the filing of the Complaint with the Federal District Court. It is plain from the face of Exhibit A, that it was sent on April 28, 2005 pursuant to an Order of this Court after the March filing of this action and could not, therefore, accompany the Complaint. Further, it is clear from the face of Exhibit A that it was not threatening and was discussing the civil remedies available to Plaintiffs. The Court need not, therefore, credit this unsubstantiated allegation. See U.S. v. Avx Corp., 962 F.2d at 115.

[4] Felix ignores the fact that he is defending an identical claim for violation of the Fair Credit Reporting Act brought by Plaintiff Paul Quinn.

3

Associates Northeast, Inc. regarding Felix.  As a result, Felix's proposed counterclaim for tortious interference fails to state a claim and should be dismissed.

### III.  Felix's Counterclaim Fails To State A Claim For "Intentional Infliction of Emotional and Physical Distress"

In order to sustain a claim for intentional infliction of emotional distress, Felix must show that Edwin intended to inflict emotional distress or knew or should have known that such distress was the likely result of his conduct, that Edwin's conduct was extreme and outrageous, beyond all bounds of decency and utterly intolerable in a civilized community, that the actions of Edwin caused Felix's distress, and that the emotional distress suffered by Felix was severe and of such a nature that no reasonable person could be expected to endure it.  Payton v. Abbott Labs, 386 Mass. 540, 555 (1982) (citing Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976)).  Liability cannot be predicated on "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities" nor even is it enough "that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort."  Quinn v. Walsh, 49 Mass. App. Ct. 696 (2000) (citing Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997)); see Agis v. Howard Johnson Inc., 371 Mass. at 144-45.  It is well settled that naming someone as a defendant in a lawsuit is not "extreme and outrageous" conduct.  Beecy, 387 Mass. at 596 (claim for intentional infliction of emotional distress failed where creditor's attorney filed a collection suit against debtors on behalf of creditor and thereafter dismissed the suit after discovering that the debtor's account with the creditor was not delinquent).  Accordingly, because Edwin's conduct in naming Felix as a defendant in this action, cannot be the basis for a claim for

4

intentional infliction of emotional and physical distress, his counterclaim fails to state a claim and should be dismissed.

## CONCLUSION

Plaintiffs respectfully request that this Court dismiss Count I, II and III of Felix's Counterclaim.

Respectfully submitted,
PLAINTIFFS,
PAUL QUINN AND EDWIN QUINN,
By their attorneys,

/s/ Franklin H. Levy
Franklin H. Levy (BBO# 297720)
Bronwyn L. Roberts (BBO # 638079)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
617.289.9200

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing document on all counsel of record listed below by first class mail postage pre-paid this 9th day of August 2005.

                                      /s/ Bronwyn L. Roberts
                                      Bronwyn L. Roberts

Alan L. Grenier, Esq.
Grenier & Associates
435 Newbury Street
Danvers, MA 01923

Paul A. Ladas, Esq.
Long & Houlden
100 Summer Street
Boston, MA 02110