UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL QUINN and EDWIN QUINN )<br>)<br>Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>)<br>FELIX QUINN and CREDIT BUREAU )<br>ASSOCIATES NORTHEAST, INC. )<br>)<br>Defendants ) | DOCKET NO. 05CV10588 WGY |

**DEFENDANT FELIX QUINN'S RESPONSE TO:**

**PLAINTIFFS' (I) OPPOSITION TO DEFENDANT FELIX QUINN'S MOTION TO FILE AMENDED ANSWER AND COUNTERCLAIM, AND (II) PLAINTIFFS' CROSS-MOTION TO STRIKE EXHIBIT A TO DEFENDANT <u>FELIX QUINN'S MOTION TO FILE AMENDED ANSWER AND COUNTERCLAIM</u>**

**INTRODUCTION**

On July 25, 2005, this Court granted the Defendant Felix Quinn's Motion to File Amended Answer and Counterclaim, which was granted by this Court in conjunction with the Court's reconsideration and vacating the original grant of Plaintiff Edwin Quinn Motion to Dismiss his claim against Defendant Felix Quinn.

**BASED ON NEW INFORMATION THAT HAD HERETOFORE NOT BEEN AVAILABLE, THE FILING OF THE COUNTERCLAIM BY DEFENDANT FELIX QUINN WAS TIMELY**

In his filed opposition to the already allowed Motion to amend Defendant Felix Quinn's Answer and Counterclaim, Plaintiff Edwin Quinn has alleged, inter alia, that Defendant Felix Quinn has provided no reason to assert his counterclaim as part of the original answer. Defendant Felix Quinn responds that only through the information garnered by the deposition of Steven Yang-Sammataro, the representative of the Credit

Bureau Associates, Northeast, for the first time was said Felix Quinn informed of the fact that the entire claim of Edwin Quinn was without any foundation. As said Yang-Sammataro acknowledged, the initial notation relied upon to make the wanton and reckless allegations by Edwin Quinn was in fact a reference to an unrelated credit reporting company. Not until the date of deposition, was Defendant Felix Quinn apprised of the total lack of foundation of the claims of Plaintiff Edwin Quinn, and accordingly not until that period of time was Felix capable of responding to such facts, which were heretofore unknown, by means of the claims filed in Felix's amended answer and counterclaim. Under the theory as espoused by the Plaintiff Edwin Quinn, the Defendant Felix Quinn was required to file such claims at the time of filing his answer, which was not possible in that obviously, Defendant Felix Quinn could not answer or file claims based on facts which he had no knowledge at that time.

The revelation of such new facts was in fact confirmed by Plaintiff Edwin Quinn, in his footnote Number 1, on page 2, wherein it was acknowledged that "certain facts were revealed in discovery", which caused said Plaintiff Edwin Quinn to seek to voluntarily dismiss his claim. Apparently, Plaintiff Edwin Quinn would urge this Court to find the same facts that support his claim to dismiss to be insufficient to satisfy the requirements of the grant of the counterclaim as earlier allowed by this Court.

**ALL REQUIREMENTS OF NOTICE FILING FOR THE COUNTERCLAIM HAVE BEEN SATISFIED; THE AFFIDAVIT OF HUBERT QUINN BUTTRESSES SUCH COUNTERCLAIM AS FILED AND PROVIDES EVIDENTIARY SUPPORT FOR THE CLAIM OF ULTERIOR PURPOSE**

All questions as to Plaintiff Edwin Quinn's intentions and in fact, the sole rationale for the submission of the filing of the frivolous law suit as filed, has now been settled in a dispositive manner by the submission, in a separate motion, of the Affidavit of Hubert Quinn. As the Affidavit of Hubert Quinn makes clear, Plaintiff Edwin Quinn sought to

pressure Defendant Felix Quinn, to withdraw from the extant Massachusetts Superior Court litigation, Case Numbers 2001-1966, 2004-00836, by the institution of this litigation, in fact averring that should his brother Felix not desist from said litigation, "Phil would go to jail." Affidavit of Hubert Quinn, (Exhibit 1).

No further confirmation is needed than reference from the threat made by Edwin Quinn seeking to have "Phil" (a.k.a Felix Quinn) put in jail, to the similar threat by correspondence by Plaintiff Edwin's counsel, where reference is made to criminal sanctions, Exhibit A, of Plaintiff's Opposition Memorandum.

**THE COURT SHOULD NOT STRIKE EXHIBIT A, AS THE REFERENCE IN THE CORRESPONDENCE FROM PLAINTIFF'S COUNSEL IS FURTHER CONFIRMATION THAT THE SUBJECT LITIGATION WAS FILED SOLELY FOR THE ULTERIOR MOTIVE OF HARASSING AND INTIMIDATING DEFENDANT FELIX QUINN**

In the correspondence received from Plaintiff's Counsel, referenced as Exhibit A in Plaintiff's Opposition, the threat of criminal sanctions is further validation of the conflation of efforts between counsel and Plaintiff to dissuade Defendant Felix Quinn from pursuing the Massachusetts litigation. This correspondence is essential in support of Defendant Felix Quinn's allegation that this Federal District Court lawsuit, was filed only for the ulterior purpose of attempting to dissuade Felix Quinn from pursuing his legal remedies in the state court litigation.

WHEREFORE, the Defendant Felix Quinn requests that this honorable Court not reverse its earlier allowed decision to permit the amendment of the original answer by the addition of the subject counterclaim.

                                                Respectfully submitted,
                                                Felix Quinn
                                                By his Attorney,


                                                <u>/s/ Alan L. Grenier</u>
                                                Alan L. Grenier
                                                BBO #211040

                                                Grenier & Associates
                                                435 Newbury Street
                                                Danvers, MA 01923
                                                978-777-7000

Dated: August 16, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL QUINN and EDWIN QUINN )<br>)<br>Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>)<br>FELIX QUINN and CREDIT BUREAU )<br>ASSOCIATES NORTHEAST, INC. )<br>)<br>Defendants ) | DOCKET NO. 05CV10588 WGY |

### AFFIDAVIT OF HUBERT QUINN

I, Hubert Quinn of Peabody, Essex County, Massachusetts hereby on oath make affidavit as follows:

That on three separate occasions about a year ago my brother Edwin Quinn said as follows:

"It's illegal what Phil did (referring to the submission of a document) and if Phil doesn't back off from the Superior Court case I will take it to Court and Phil will go to jail."

Signed under the pains and penalties of perjury this 26 day of July, 2005

*/s/ Hubert Quinn*
Hubert Quinn

QUINN FP 072605pap         1

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

July 28, 2005

On this 28 day of July, 2005, before me, the undersigned notary public, personally appeared Hubert Quinn proved to me through satisfactory evidence of identification, who is personally known, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate based upon his personal knowledge.

Alan L. Grenier
Notary Public
My Commission Expires June 20, 2008

_Alan L. Grenier_
Notary Public
My Commission Expires: Jun 20, 2008

QUINN FP 072605pap

2