UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL QUINN and EDWIN QUINN, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | DOCKET NO. 05CV10588 WGY |
| ) | |
| FELIX QUINN and CREDIT BUREAU ) | |
| ASSOCIATES NORTHEAST, INC., ) | |
| ) | |
| Defendants ) | |

**DEFENDANT FELIX QUINN'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT FELIX QUINN'S COUNTERCLAIMS**

INTRODUCTION

On July 25, 2005, this Court granted the Defendant Felix Quinn's Motion to File Amended Answer and Counterclaims, which was granted by this Court in conjunction with the Court's reconsideration and vacating the original grant of Plaintiff Edwin Quinn Motion to Dismiss his claim against Defendant Felix Quinn ("Felix").

Defendant Felix Quinn by and through his undersigned attorney hereby submits the following Opposition to Plaintiffs' Motion to Dismiss Defendant Felix Quinn's Counterclaims.

APPLICABLE LAW

The Court may grant a motion to dismiss if the facts alleged fail to state a claim. However, under Fed. R. Civ. P. 12(b)(6), this Court must view the allegations in the light most favorable to the plaintiff or plaintiff-in-counterclaim and may dismiss the pleading only if "it appears beyond doubt that [the plaintiff-in-counterclaim] can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, a court should deny this motion to dismiss and . . ."indulge every reasonable

inference hospitable to his [Felix's] case." See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

## ARGUMENT

### I. Defendant Felix Quinn's Counterclaim States a Valid Claim for Abuse of Process

Felix's counterclaim against Edwin Quinn ("Edwin") for abuse of process validly states a claim upon which relief can be granted because Felix alleges that all the essential elements of the claim have been met. The elements of an abuse of process claim are that: "(1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-776 (1986) (quoting Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 389, (1975)).

The Plaintiff Edwin Quinn by the submission to the Federal District Court of a groundless Complaint with the accompanying threatening correspondence from Plaintiff's Attorney[1] was attempting to threaten and intimidate and otherwise impermissibly utilize the process of the U.S. District Court to obtain unlawful advantage or leverage against the Defendant relative to the pendant Massachusetts Superior Court action. As Felix Quinn is a vendor dealing with the management of federal housing, clearly the Plaintiff's unfounded claims and intimation of criminal sanctions[2] was filed for the ulterior purpose of coercing the Defendant Felix Quinn from withdrawing the Massachusetts litigation.

All questions as to Plaintiff Edwin Quinn's intentions and in fact, the sole rationale for the submission of the filing of the frivolous law suit as filed, have now been settled in

---

[1] (See Exhibit A, Defendant Felix Quinn's Motion to File Amended Answer and Counterclaim) This Exhibit is not submitted to expose settlement negotiations but only to show the implied threat of criminal action.
[2] Id.

2

a dispositive manner by the submission, in a separate motion, of the Affidavit of Hubert Quinn.  As the Affidavit of Hubert Quinn makes clear, Plaintiff Edwin Quinn sought to pressure Defendant Felix Quinn, to withdraw from the extant Massachusetts Superior Court litigation, Case Numbers 2001-1966, 2004-00836, by the institution of this litigation, in fact averring that should his brother Felix not desist from said litigation, "Phil would go to jail."[3]

As a result of the filing of the Complaint, the Defendant Felix Quinn's access to the credit reporting services of Credit Bureau Associates Northeast, Inc. ("CBAN") have now been terminated.  Furthermore, any possible criminal sanction would have had the power to completely terminate the Defendant Felix Quinn's relationship with the federal government.

Based on (1) the filing of a completely groundless Complaint,[4] (2) the threatening correspondence from the Plaintiff's Attorney regarding criminal aspects of the relevant statute, and (3) the Affidavit of Hubert Quinn, the elements of "process" and "ulterior purpose" have been properly alleged by Felix.  Consequently, the "damage" element has been satisfied due to the termination of Felix Quinn's relationship with CBAN and the knowledge of Edwin that any threat of criminal sanction imposed on Felix, a manager of federal housing, would terminate Felix's relationship with the federal government, thereby closing off his main source of income to support himself and his family.

**II.   Defendant Felix Quinn's Counterclaim States a Valid Claim for Tortious Interference**

To establish a claim for tortious interference with advantageous business relations, Felix must properly allege the following four elements:  (1) the existence of a

---

[3] See Affidavit of Hubert Quinn (Exhibit 1), Defendant Felix Quinn's Response To Plaintiffs' (I) Opposition To Defendant Felix Quinn's Motion To File Amended Answer and Counterclaim, and (II) Plaintiffs' Cross-Motion To Strike Exhibit A To Defendant Felix Quinn's Motion To File Amended Answer And Counterclaim

3

contract or a business relationship which contemplated economic benefit; (2) Edwin's knowledge of the contract or business relationship; (3) Edwin's intentional interference with the contract or business relationship for an improper purpose or by improper means; and (4) damages. Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 397 (1996).

Edwin knew of the contractual business relationship between Felix and CBAN based on information he received from Leslie Janice, Edwin Quinn's assistant. In addition, by filing a groundless complaint against Felix in this Court, he knowingly and intentionally interfered with said business relationship for an improper purpose, namely to gain leverage in the Massachusetts Superior Court case. As a result, Felix suffered termination of his business relationship with CBAN.

Felix does not have to allege direct communications or conduct between Edwin and CBAN in order to allege a valid claim for tortious interference with advantageous business relations. It is enough that Edwin intentionally interfered with said business relationship for an improper purpose by improper means. See Draghetti v. Chmielewski, 416 Mass. 808, 817 (1994).

### III. Defendant Felix Quinn's Counterclaim States a Valid Claim for Intentional Infliction of Emotional and Physical Distress

In order to state a claim for intentional infliction of emotional distress, the facts of the pleadings must support the following four elements: (1) Edwin intended to inflict emotional distress or knew or should have known that such distress was the likely result of his conduct, (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community, (3) Edwin's actions were the cause of the distress, and (4) the emotional distress sustained was

---

[4] See Motion to Dismiss Claim of Edwin Quinn

severe and of a nature that no reasonable man could be expected to endure it. <u>Agis v. Howard Johnson, Inc.</u>, 371 Mass. 140, 144-145 (1976).

Felix properly alleges a valid claim for intentional infliction of emotional distress supported by sufficient facts to satisfy each element of said claim. By filing a false and misleading Complaint in the United States District Court, Edwin knew or should have known that such conduct would result in emotional distress suffered by Felix. Edwin's actions caused Felix to withstand severe emotional distress to the point of being hospitalized on July 17, 2005. It is not a coincidence that Felix, an otherwise healthy individual, has endured poor health since the implementation of this case against him. Furthermore, Edwin's actions were beyond all possible bounds of decency and should not, under any circumstances, be tolerated in a civilized community. "That some claims may be spurious should not compel those who administer justice to shut their eyes to serious wrongs and let them go without being brought to account. It is the function of courts and juries to determine whether claims are valid or false." <u>Agis</u>, 371 at 143-144 (quoting <u>Samms v. Eccles</u>, 11 Utah 2d 289, 293 (1961)). Accordingly, Felix states a valid claim for intentional infliction of emotional distress and the Plaintiff's Motion to Dismiss said claim should be denied.

CONCLUSION

Defendant respectfully requests that this Court deny the Plaintiffs' Motion To Dismiss Defendant Felix Quinn's Counterclaims because the facts in the pleadings support a vaild claim for Abuse of Process, Tortious interference In A Business Relationship, and Intentional Infliction of Emotional and Physical Distress.

                                        Respectfully submitted,
                                        Felix Quinn
                                        By his Attorney,

                                        <u>/s/ Alan L. Grenier</u>
                                        Alan L. Grenier
                                        BBO #211040

                                        Grenier & Associates
                                        435 Newbury Street
                                        Danvers, MA 01923
                                        978-777-7000

Dated: August 23, 2005