UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL QUINN and EDWIN QUINN,<br><br>           Plaintiffs,<br><br>v.<br><br>FELIX QUINN and CREDIT BUREAU ASSOCIATES NORTHEAST, INC.,<br><br>           Defendants. | DOCKET NO. 05-CV-10588 WGY |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO STRIKE
OR IN THE ALTERNATIVE FOR LEAVE TO RESPOND TO
DEFENDANT FELIX QUINN'S OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANT FELIX QUINN'S COUNTERCLAIM**

**INTRODUCTION**

Plaintiffs Edwin Quinn and Paul Quinn ("Plaintiffs") by and through their undersigned attorneys hereby submit the following memorandum of law in support of their Motion to Strike or in the Alternative for Leave to Respond to Defendant Felix Quinn's Opposition to Plaintiffs' Motion to Dismiss Defendant Felix Quinn's Counterclaim (the "Motion to Strike"). As set forth more fully herein, Plaintiffs move to strike certain exhibits and factual matters contained in Defendant Felix Quinn's Opposition to Plaintiffs' Motion to Dismiss Defendant Felix Quinn's Counterclaim (the "Opposition") because these matters are outside the pleadings and therefore inappropriately included in an opposition to a motion to dismiss.

## ARGUMENT

In an attempt to prevent the claims in his counterclaim from being dismissed, Defendant includes references to exhibits and factual matters in the Opposition, none of which is contained in his counterclaim.  These facts are outside the bounds of what can be considered in a motion to dismiss.  Although in some instances the Court can look outside the four corners of the complaint in deciding a motion to dismiss, it can only look to those documents that are incorporated by reference into and/or attached to the complaint.  Except for a letter from Plaintiffs' attorney (currently the subject of a pending motion to strike), none of the documents or facts Defendant cites to in his opposition, however, is attached to or included in his counterclaim.  Rather, Defendant improperly attempts to use his opposition brief to rewrite his counterclaim.  However, as courts have held, "the complaint says what it says, and a memorandum of law is not a proper vehicle for rewriting or amending the complaint." Anderson v. Aset Corp., 329 F. Supp.2d 380, 383 (W.D.N.Y. 2004); see also Dawson v. Bumble & Bumble, 246 F. Supp.2d 301 (S.D.N.Y. 2003) (holding that the Federal Rules do not allow a plaintiff to rewrite or amend the complaint through an opposition brief).

Under Fed.R.Civ.P. 12(b), a motion to dismiss must only contain those matters included in the pleadings, or face exclusion by the court or conversion to a motion for summary judgment.  It cannot be disputed that Edwin and Paul Quinn's Motion to Dismiss meets this requirement and therefore is properly examined under Rule 12(b).  However, Defendant Felix Quinn's opposition has, in violation of Rule 12(b), included matters outside the pleadings, and therefore these extraneous matters must be stricken from his opposition.  However, should the court find that these additional matters are properly included in the Opposition, and decides to review the

Opposition in its entirety, Plaintiffs hereby request leave in order to file a reply brief to properly address these matters.

**I.    Defendant's Inclusion Of Matters Outside The Pleadings Should Be Stricken From His Opposition**

A.    Inclusion Of Factual Matters Outside The Pleadings

1.    <u>References to Leslie Janice</u>

In the Opposition, Defendant states: "Edwin knew of the contractual business relationship between Felix and CBAN based on information he received from Leslie Janice, Edwin Quinn's assistant." <u>See</u> Opposition at 4.  However, under Fed. R. Civ. P. 12(b), the inclusion of factual matters outside the pleadings is improper, and requires conversion of a 12(b)(6) motion into a motion for summary judgment.  Because there is no reference to Leslie Janice in Defendant's counterclaim, it is considered a matter outside the pleadings and cannot be included in Defendant's opposition.  <u>See</u> <u>Moody v. Town of Weymouth, et al.</u>, 805 F.2d 30, 31 (1st Cir. 1986).  In opposing Plaintiffs' Motion to Dismiss, the Defendant must show why the counterclaim does indeed state a claim, but in doing so cannot introduce additional facts in support of his claim.  As stated above, Defendant is attempting to rewrite his counterclaim in the Opposition.  Because the reference to Leslie Janice is a matter outside the pleading and as such is specifically excluded by Rule 12, it must be stricken from the Opposition.

2.    <u>Allegations of Felix Quinn's Poor Health</u>

Defendant makes no factual allegations in his counterclaim that would support a claim of intentional infliction of emotional distress.  However, in an effort to save his counterclaim, in the Opposition, Defendant alleges additional factual information regarding Felix's health – specifically that Felix was hospitalized on July 17, 2005, and states: "It is not a coincidence that Felix, an otherwise healthy individual, has endured poor health since the implementation of this

case against him." See Opposition at 5.  However, because this is a factual matter outside the pleading, it cannot be considered as part of Defendant's opposition.  As stated by the Eighth Circuit: "where matters outside the pleadings must be considered, the court is required by Rule 12(b) and (c) of the Federal Rules of Civil Procedure to treat the motion dismiss as one for summary judgment and dispose of it as provided in Rule 56." Abramson v. Mitchell, 459 F.2d 955, 957 (8th Cir. 1972).  Because Defendant is attempting now, at this late date, and in response to Plaintiff's motion to dismiss, to include alleged evidence of Defendant's poor health as a way to survive a motion to dismiss, the factual allegations cannot be considered in the Opposition. See id.

B.   Inclusion of Affidavit of Hubert Quinn

To support his claim for abuse of process, Defendant references an affidavit of Hubert Quinn.  See Opposition at 2-3.  Defendant attempts to incorporate this affidavit, admittedly part of a "separate motion" and use same as evidence that Edwin Quinn allegedly filed the within action solely to pressure the Defendant to withdraw from Massachusetts state litigation that Defendant had filed.  However, as is admitted by Defendant, this exhibit is not part of Defendant's counterclaim and therefore cannot be considered in response to Plaintiffs' motion to dismiss.  A motion to dismiss is brought against the plaintiff (or plaintiff-in-counterclaim) for a failure to state a claim in a complaint (or counterclaim).  In opposing such a motion, the opposing party must, in its opposition, rely only on those matters already on the record and included in the pleadings.  See Season-All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari, A.S., 425 F.2d 34, 36 (3rd Cir. 1970); Moody v. Town of Weymouth, et al., 805 F.2d at 31. (holding that when a party submitted affidavits and copies of correspondence in support of a motion to dismiss, the motion is properly treated as a motion for summary judgment).  Because

the affidavit was not an exhibit to the complaint, it cannot be referenced in any Rule 12 pleadings, most notably a motion to dismiss, or any oppositions thereto, and should be stricken.

**II.     Defendant's Reference In His Opposition To A Settlement Offer Should Be Stricken From His Opposition**

In support of Defendant's contention that his counterclaim states a valid claim for abuse of process, Defendant inappropriately includes references to settlement "correspondence" sent from Plaintiffs' attorney to Defendant's attorney that was attached to Defendant's motion to file an amended answer and counterclaim.  See Opposition at 2.  The settlement letter, written pursuant to a Notice of Scheduling Conference dated April 19, 2005, constitutes a settlement proposal from Plaintiffs, and accurately summarizes the possible civil and criminal penalties for violations of the Fair Credit Reporting Act.  This letter is the subject of a pending motion to strike by the Plaintiffs due to the fact that it is an offer of settlement and therefore inadmissible to prove liability (See Plaintiffs' Cross-Motion to Strike Exhibit A to Defendant Felix Quinn's Motion to File Amended Answer and Counterclaim at p. 6 (citing Morea v. Cocso, Inc., 422 Mass. 601, 603-604 (1996.)).  Therefore, because, as Defendant himself admits, and as stated in Plaintiffs' Cross Motion to Strike Exhibit A to Defendant's Motion to File Amended Answer and Counterclaim, the letter is itself an offer of settlement, it is improperly included in the Opposition.

Furthermore, even if the letter is properly included in Defendant's Opposition, counsel's references to civil and criminal penalties are accurate, and merely a statement of the law, and not extortionate.  Finally, the letter on its face clearly is not "threatening or intimidating."  For the reasons stated herein, the letter and all references to it should be stricken.

5

**III.    Request For Leave**

If the Court is inclined to review the additional facts outside the pleadings contained in Defendant's Opposition, Plaintiffs hereby request leave to respond to those facts. As grounds for this request, Plaintiffs state that they would be unfairly prejudiced by the Court's consideration of these matters outside the pleadings without being given a chance to respond.

## CONCLUSION

Plaintiffs respectfully request that this Court strike the matters set forth herein, or in the alternative grant Plaintiffs leave to respond to such matters as are contained in Defendant's opposition.

                                                Respectfully submitted,
PLAINTIFFS,
PAUL QUINN AND EDWIN QUINN,
By their attorneys,

/s/ Franklin H. Levy
Franklin H. Levy (BBO# 297720)
Bronwyn L. Roberts (BBO # 638079)
Matthew R. Roberts (BBO #655057)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
617.289.9200

DATED:  September 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document on all counsel of record listed below by first class mail postage pre-paid this 8th day of September 2005.

/s/ Bronwyn L. Roberts
Bronwyn L. Roberts

Alan L. Grenier, Esq.
Grenier & Associates
435 Newbury Street
Danvers, MA  01923

Paul A. Ladas, Esq.
Long & Houlden
100 Summer Street
Boston, MA  02110