UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL QUINN and EDWIN QUINN )<br>)<br>Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>)<br>FELIX QUINN and CREDIT BUREAU )<br>ASSOCIATES NORTHEAST, INC. )<br>)<br>Defendants ) | DOCKET NO. 05CV10588 WGY |

DEFENDANT'S OPPOSITION TO

PLAINTIFFS' MOTION TO STRIKE OR IN THE ALTERNATIVE FOR LEAVE TO RESPOND TO DEFENDANT FELIX QUINN'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT FELIX QUINN'S COUNTERCLAIM

INTRODUCTION

NOW comes the Defendant Felix Quinn in the above captioned matter and opposes the Plaintiff's Motion to Strike the Defendant Felix Quinn's response to the Plaintiff's Motion to Dismiss said Counterclaim or in the alternative to be granted to leave of the Court to file an opposition thereto.

Under Fed. R. Civ. P. 8, the claim, or in this case the counterclaim as submitted by the Defendant Felix Quinn, requires only a "a short and plain statement of the claim showing the pleader is entitled to relief", so called notice pleading. In its Motion to Dismiss, the Plaintiffs Edwin Quinn, challenged the sufficiency of every claim, stating that such claims did not satisfy the very deminimus standards as otherwise permitted.

As with notice pleading, every element and supporting facts of each claim for relief need not be pleaded at the time submitted. Facts are developed through discovery in preparation for trial, but as the Plaintiff Edwin Quinn has filed the 12(b) Motion, the Defendant Felix Quinn was required to present every element of each of its claims in order to avoid premature dismissal, which presentation, axiomatic required the inclusion of certain facts buttressing the very elements, which Plaintiff Edwin Quinn would claim do not satisfy the "claim for relief" standards.

### FED. R. CIV. P. 12 MAKES REFERENCE ONLY TO THE MOTION TO DISMISS, NOT REQUIRED RESPONSE THERETO.

In its Memorandum of Law to support its motion, Plaintiff Edwin Quinn states, that "Under Fed. R. Civ. P. 12 (b), a motion to dismiss must only contain those matters included in the pleadings, or face exclusion by the court or conversion to a motion for summary judgment…However, Defendant Felix Quinn's opposition, in violation of Rule 12 (b), included matters outside the pleadings, and therefore these extraneous matter must be stricken from his oppostion."

In fact Fed. R. Civ. P. 12 reads in pertinent part, "If, on a motion for asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment…"

The Defendant Felix Quinn argues that it is the moving party, the Plaintiff Edwin's Motion under said Rule 12 (b) (6), that is subject to rule of exclusion and the not the party responding thereto. The Plaintiff Edwin Quinn is the moving party, and it is he, who has filed the "motion for asserting defense numbered (6)," Id., and not the Defendant

Felix Quinn. Defendant Felix Quinn filed no such motion, and is only responding thereto, and nowhere in its memorandum has Plaintiff Edwin Quinn demonstrated that the rules foreclose the responding party to provide all necessary facts and theories to support the elements of its claim. It would be a non sequitur to permit the Plaintiff, the moving party to demand that the subject counterclaim be dismissed for not stating a claim for which relief may be granted, and yet foreclose the Defendant Felix Quinn the opportunity to provide a reasoned response to such charge including necessary factual elements, and for which absent said Motion to Dismiss, would have been otherwise developed at trial or through discovery.

### ALL FACTUAL REFERENCES AVERRED IN THE RESPONSE ARE NECESSARY ELEMENTS OF THE CLAIM IN PRINCIPAL AND ARE REQUIRED TO SATISFY THE CLAIM FOR RELIEF STANDARDS SO AS TO OVERCOME A MOTION TO DISMISS.

A. References to Leslie Janice

Once again the Plaintiff Edwin Quinn has assigned the obligations under Rule 12 (b)(6) to the wrong party. As the moving party it is Plaintiff Edwin Quinn who is precluded from making reference to matters outside the pleadings in its Motion to Dismiss, not the responding party who must present all elements, facts and theories necessary to overcome such Motion to Dismiss. In this instance Leslie Janice's testimony is essential in the counterclaim against Plaintiff Edwin Quinn, and accordingly reference is required as to the contractual benefits now terminated by the conduct of said Plaintiff Edwin Quinn.

B. References to Felix Quinn's Health

As the moving party Plaintiff Edwin Quinn, has questioned the elements of the claim involving injury to Defendant Felix Quinn, and it axiomatic that reference must be made to facts necessary to support the claim.

C. Inclusion of Affidavit of Hubert Quinn

Not that it was required, but reference to the facts averred in the affidavit of Hubert Quinn were not incorporated in the Counterclaim for the simple reason, that such matters did not come to the attention of the Defendant Felix Quinn, until some time after the filing of the subject counterclaim. Furthermore, as stated above, the subject affidavit is a necessary element of the counterclaim and must by necessity be pleaded in response to the moving party's motion to dismiss.

## CONCLUSION

Defendant Felix Quinn respectfully requests that as the Fed. R. Civ. 12 (b) (6), circumscribes only the range of the pleadings by the Party filing such motion, and not the party and required to respond thereto, that said Motion to Strike such matters as otherwise described in the Plaintiff Edwin Quinn's motion, be denied.

          Respectfully submitted,
          DEFENDANT
          FELIX QUINN
          By his attorney,


          /s/ Alan L. Grenier
          _____

          Alan L. Grenier
          BBO #211040

          Grenier & Associates
          435 Newbury Street
          Danvers, MA 01923
          978-777-7000


September 22, 2005

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document on all counsel of record listed below by first class mail postage pre-paid this 22 day of September 2005.

/s/ Alan L. Grenier
_____
Alan L. Grenier

Franklin Levy
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
617-289-9200

Paul A. Ladas, Esq.
Long & Houlden
100 Summer Street
Boston, MA 02110