UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL QUINN and EDWIN QUINN,<br><br>    Plaintiffs,<br><br>v.<br><br>FELIX QUINN and CREDIT BUREAU<br>ASSOCIATES NORTHEAST, INC.,<br><br>    Defendants. | DOCKET NO. 05-CV-10588 WGY |

**PLAINTIFFS PAUL AND EDWIN QUINN'S REPLY TO
DEFENDANT FELIX QUINN'S OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANT FELIX QUINN'S COUNTERCLAIM**

Plaintiffs Edwin Quinn and Paul Quinn ("Plaintiffs") by and through their undersigned attorneys, and in accordance with the Order of this Court dated September 15, 2005, hereby submit the following Reply to Defendant Felix Quinn's Opposition to Plaintiffs' Motion to Dismiss Defendant Felix Quinn's Counterclaim (the "Reply"). Defendant Felix Quinn's Opposition to Plaintiffs' Motion to Dismiss ("Opposition") improperly makes factual allegations outside the pleadings. As stated more fully herein, even if the factual matters included in the Opposition of Defendant Felix Quinn ("Defendant") were considered by the Court or included in an amended counterclaim, such counterclaim would still fail to state a claim upon which relief could be granted, and therefore must be dismissed. Plaintiffs will not restate the arguments contained in their Motion to Dismiss, filed on August 9, 2005, but rather will respond only to the

additional facts and information contained in Defendant's Opposition, relying on this Response, and their original Motion to Dismiss as bases to dismiss Defendant's counterclaim.

## ARGUMENT

In an attempt to prevent the claims in his counterclaim from being dismissed, Defendant included references to exhibits and factual matters in his Opposition, none of which is contained in his counterclaim. However, even if these references were included in his counterclaim, the counterclaim would still fail to state a claim.

### I.   Defendant's Counterclaim Fails To State A Claim For Abuse Of Process

Defendant, in an attempt to salvage the claims in his counterclaim, references a letter from Plaintiffs' attorney and an affidavit of Hubert Quinn to support his claim for abuse of process. However, even if the Court considers these additional factual allegations as part of the counterclaim, it still fails to state a claim for abuse of process.

####    A.   Correspondence From Plaintiffs' Attorney Cannot Serve As Grounds For An Abuse Of Process Claim.

Correspondence from Plaintiffs' attorney cannot serve as grounds for an abuse of process claim. Defendant, as a basis for a claim for abuse of process, claims that the submission by Plaintiff of "a groundless complaint with accompanying threatening correspondence from Plaintiff's Attorney was attempting to threaten and intimidate and otherwise impermissibly utilize the process of the U.S. District Court to obtain unlawful advantage or leverage against the Defendant...." However, the letter from Plaintiffs' attorney was an offer of settlement, written pursuant to an Order of the Court dated April 19, 2005, and accurately summarized the possible penalties for violations of the Fair Credit Reporting Act. See Notice of Scheduling Conference dated April 19, 2005; see also 15 U.S.C. §1681 et seq. Furthermore, the settlement letter is the subject of a pending motion to strike by the Plaintiffs due to the fact that it is an offer of

settlement and therefore inadmissible to prove liability.  See Plaintiffs' Cross-Motion to Strike Exhibit A to Defendant Felix Quinn's Motion to File Amended Answer and Counterclaim at p. 6 (citing Morea v. Cocso, Inc., 422 Mass. 601, 603-604 (1996).  The letter on its face is an offer of settlement, and it is improperly included in the Opposition.  Furthermore, counsel's references in the settlement letter to civil and criminal penalties under the Fair Credit Reporting Act are accurate, merely a statement of the law, and are not extortionate.  See 15 U.S.C. §1681 et seq.  Finally, the letter on its face clearly is not  "threatening or intimidating."  Because a reading of the letter makes it clear that the letter was not "threatening correspondence," but reflected accurate penalties for violations of the Fair Credit Reporting Act and was an offer of settlement made at the direction of the Court, it cannot serve as the basis for an abuse of process claim.

      **B.**    **The Factual Allegations In Hubert Quinn's Affidavit Cannot Support Defendant's Counterclaim Because The Allegations In The Affidavit Predate The Day The Credit Report Was Pulled.**

The allegations in Hubert Quinn's Affidavit cannot support Defendant's Counterclaim in this action because the factual allegations in the affidavit predate the underlying factual allegations in this case.  Defendant, as further support for his abuse of process claim, cites to an Affidavit of Hubert Quinn dated July 26, 2005, in which Hubert Quinn alleges that "on three separate occasions about a year ago [July 2004] my brother Edwin Quinn said as follows: "It's illegal what Phil did (referring to the submission of a document) and if Phil doesn't back off from the Superior Court case I will take it to Court and Phil will go to jail."  However, the credit report at issue in this action was pulled by Felix Quinn on August 16, 2004, after the alleged statements were made by Edwin Quinn.  Therefore, the alleged statements made by Edwin Quinn, if made, could not have been in reference to Defendant pulling the credit report, and do not support an action for abuse of process.

**II.     Defendant's Allegation That He Was Hospitalized Does Not Save His Claim For Intentional Infliction of Emotional And Physical Distress.**

Defendant includes nothing in his Opposition that would sustain a claim for Intentional Infliction of Emotional Distress. As noted in Plaintiffs' Motion to Dismiss, in order to sustain a claim for intentional infliction of emotional distress, Felix Quinn must show that: (1) Edwin Quinn intended to inflict emotional distress or knew or should have known that such distress was the likely result of his conduct; (2) that Edwin Quinn's conduct was extreme and outrageous, beyond all bounds of decency and utterly intolerable in a civilized community; (3) that the actions of Edwin Quinn caused Defendant's distress; and (4) that the emotional distress suffered by Defendant was severe and of such a nature that no reasonable person could be expected to endure it. Payton v. Abbott Labs, 386 Mass. 540, 555 (1982) (citing Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976)). In an attempt to save his claim, Defendant now notes that it "is not a coincidence" that he "was hospitalized on July 17, 2005." Although Defendant does not explicitly state that the present litigation caused his hospitalization, he implies it. However, even with the inclusion of the allegation that Felix Quinn was hospitalized, the counterclaim for intentional infliction of emotional and physical distress still fails to state a claim for which relief can be granted because Edwin Quinn's conduct in naming Defendant in a lawsuit cannot be considered extreme and outrageous conduct. See Beecy v. Pucciarelli, 387 Mass. 589, 596 (1982). The mere filing of a claim cannot be the basis for an emotional distress claim, and as such, even accepting as true all allegations made by Defendant, this claim must fail.

## **CONCLUSION**

Plaintiffs respectfully request that this Court dismiss Counts I, II and III of Defendant's Counterclaim.

>Respectfully submitted,
>PLAINTIFFS,
>PAUL QUINN AND EDWIN QUINN,
>By their attorneys,
>
>/s/ Bronwyn L. Roberts
>Franklin H. Levy (BBO# 297720)
>Bronwyn L. Roberts (BBO # 638079)
>Matthew R. Roberts (BBO #655057)
>DUANE MORRIS LLP
>470 Atlantic Avenue, Suite 500
>Boston, MA  02210
>617.289.9200

DATED:  September 28, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing document on all counsel of record listed below by first class mail postage pre-paid this 28th day of September 2005.

                                        /s/ Bronwyn L. Roberts
                                        Bronwyn L. Roberts

Alan L. Grenier, Esq.
Grenier & Associates
435 Newbury Street
Danvers, MA  01923

Paul A. Ladas, Esq.
Long & Houlden
100 Summer Street
Boston, MA  02110