UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

QUINN

_____,
                                Plaintiff,

        v.                                          CIVIL ACTION NO.
                                                    05-10588-WGY

QUINN

_____,
                                Defendant.

PROCEDURAL ORDER
Re:  FINAL PRETRIAL CONFERENCE/TRIAL

YOUNG, C.J.

        The above-entitled action is scheduled for a final pretrial conference on    **10/31/05**

_____ at **2:OO PM** in Courtroom # 18, 5TH Floor.  Counsel shall be

prepared to commence trial of this action on or after **NOV. 7, 2005**.  Each party shall be

represented at the pretrial conference by **trial counsel**.

        In order to secure the just, speedy, and inexpensive determination of this action in

accordance with the Civil Justice Reform Act of 1990 and Local Rule 16.5, the parties shall meet

prior to this conference to accomplish the following:

        1.  to discuss and negotiate settlement of the action;
        2.  to draft and sign a stipulation as to all uncontested
            facts;
        3.  to narrow the issues to be tried;
        4.      to exhibit to all parties any and all photographs,                documents,
instruments, and other objects any party
                intends to offer as exhibits at trial;
        5.      to give notice to all parties of the names and
                addresses or witnesses a party intends to call at

trial, including the names and qualifications of any
expert witnesses.

Counsel shall prepare and file, **JOINTLY**, pretrial memoranda and/or trial documents
which set forth the following:

1. a concise summary of the evidence that will be offered
   by the plaintiff, defendant, and other parties with re-
   spect to both liability and damages (including special
   damages, if any);

2. a statement of facts established by the pleadings, by
   admissions, or by stipulations.  Counsel shall
   stipulate all facts not in genuine dispute;

3. contested issues of fact;

4. any jurisdictional questions;

5. any question raised by pending motions;

6. issues of law, including evidentiary questions,
   together with supporting authority;

7. any requested amendments to the pleadings;

8. any additional matters to aid in the disposition of the
   action;

9. the probable length of trial, and whether jury or non-
   jury;

10. a list of the names and addresses of witnesses who will
    testify at trial and the purpose of the testimony, i.e.,
    whether factual, medical, expert, etc.;

11. a list of the proposed exhibits (photographs, docu-
    ments, instruments, and all other objects) in order of
    their introduction to the Court.  Those exhibits to be
    introduced without objection shall be identified by a
    single sequence of numbers, and those items to which a
    party reserves the right to object shall be identified
    by a single sequence of capital letters, regardless of
    which party if offering the exhibit.

This material shall be filed, in duplicate, no later than  the scheduled date for the final

pretrial conference.  A party who intends to object to any proposed exhibit or witness shall give

written notice to all parties setting forth the basis for the objection, and file said notice.

No later than the Friday prior to the date set for empanelment, each party shall file, in duplicate:

(A)    in cases to be tried to a jury, a trial brief in-                cluding:

    1.    any proposed questions for the voir dire examina-tion of the jury;

    2.    requests for instructions to the jury, with cita-tion to supporting authority;

    3.    any proposed interrogatories or special verdict form.

(B)    in nonjury cases, a trial brief including any proposed findings of fact and requested rulings of law.

If the trial materials required by this Order have been previously filed with the Court, please advise the Court in writing of the filing date and supplement trial documents as necessary. Immediately upon receipt of this Order, any counsel who realizes that one of more attorneys have not been notified shall forthwith notify the additional attorney(s) **in writing** as to the entry of this Order, and file a copy of the notification with the clerk.

Compliance with this Order is not excused absent the actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

By the Court,

10/17/05                                    /s/ Elizabeth Smith
        Date                                          Deputy Clerk

Copies to:
ALL COUNSEL